# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Ray Loy,**
**Petitioner Below, Petitioner**

**FILED**

February 11, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 11-1638** (Hancock County 09-P-11)

**Evelyn Seifert, Warden,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner, Ray Loy, by counsel, Scott C. Brown, appeals from the "Order" denying his petition for writ of habeas corpus entered by the Circuit Court of Hancock County on October 27, 2011. Respondent, Evelyn Seifert, Warden of the Northern Correctional facility, appears by counsel, Laura J. Young and Michele D. Bishop.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Revised Rules of Appellate Procedure.

Petitioner was indicted on five counts charging him with second degree sexual assault, use of a minor to produce obscene matter and to do sexually explicit conduct, and possession of material depicting minors engaging in sexually explicit conduct. A Federal Grand Jury indicted petitioner on twenty individual counts of production of child pornography in violation of 18 U.S.C. §2251(a) and (e). The Hancock County Prosecuting Attorney orally moved to dismiss the indictment without prejudice so it could present a superseding indictment against petitioner with additional crimes the State became aware of through the Federal investigation. The Hancock County Grand Jury re-indicted petitioner on thirteen counts, charging him with second degree sexual assault, use of minor to produce obscene matter and to do sexually explicit conduct, and possession of material depicting minors engaging in sexually explicit conduct.

Prior to petitioner's plea and sentencing hearing, he was presented with a written plea agreement pursuant to Rule 11(e)(1)(C) of the West Virginia Rules of Criminal Procedure. The plea agreement was negotiated between petitioner's federal attorney and the Hancock County Prosecuting Attorney, regarding the State charges. Pursuant to the plea agreement, an information was filed charging petitioner with ten counts of use of minors in filming sexually explicit conduct in violation of West Virginia Code §61-8C-2. As conditions of the plea, the State agreed to dismiss the remaining counts in the State case, would not seek to enhance petitioner's sentence under the West Virginia recidivism statute, and the United States Attorney's Office for the Northern District of West Virginia would dismiss the federal charges.

1

On October 21, 2010, petitioner filed a "Losh List" asserting fourteen grounds for habeas relief, and filed a petitioner for writ of habeas corpus. Following the hearing, the circuit court denied petitioner's final petition by order entered October 27, 2011. The circuit court's order addressed each of petitioner's grounds for relief in a well-reasoned fifteen page final order. Petitioner now appeals.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

As his only assignment of error, petitioner asserts that trial counsel did not provide effective assistance of counsel when he: (1) failed to file a motion to suppress evidence obtained from a search warrant issued May 19, 2007, in the State action; (2) failed to appear at the July 24, 2008, plea and sentencing hearing; and (3) violated Rule 1.3 of the West Virginia Rules of Professional Conduct. Finally, petitioner argues his statement that he "probably could have taken a different road for sure" is sufficient under Syl. Pt. 1(b), *Lafler v. Cooper*, 132 S.Ct. 1376, 182 L.Ed.2d 398 (March 21, 2012).

The State argues that the decision not to contest the search warrant was based on a strategic decision that the court finds was well founded under the circumstances, especially since the petitioner consented to this planned decision. Additionally, the State argues petitioner was extensively questioned regarding his satisfaction with counsel and the overall disposition of the case.

After careful considerations of the parties' arguments this Court concludes that the that the circuit court did not abuse its discretion in denying the petition for a writ of habeas corpus. Having reviewed the circuit court's "Order" entered on October 27, 2011, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignments of error raised in this appeal. The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision. Because the circuit court had no opportunity to decide the issue of counsel's violation of Rule 1.3 of the West Virginia Rules of Professional Conduct, this Court will not address the issue on appeal.

For the foregoing reasons, we find no error in the decision of the circuit court and the denial of petitioner's petition for writ of habeas corpus is affirmed.

Affirmed.

**ISSUED:** February 11, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

IN THE CIRCUIT COURT OF HANCOCK COUNTY, WEST VIRGINIA

STATE OF WEST VIRGINIA, ex rel.,
RAY LOY,

        Petitioner,

v.

EVELYN SEIFERT, Warden,

        Respondent.

CIVIL ACTION NO. 09-P-11
Original Criminal Case No. 08-F-105

_October 27_ 20 _11_

Entered In Civil Misc. Book
No. _20_ Page _____
_Brenda L. Jackson_
Clerk of said Court

## ORDER

On August 18, 2011, an evidentiary hearing was held on the Petitioner's Omnibus Final Petition for Habeas Corpus. The Petitioner, Ray Loy, was present in person and by his counsel, Christopher A. Scheetz, Esq. and Michael W. Lucas, III, Esq. The Respondent was represented by James W. Davis, Jr., Hancock County Prosecuting Attorney. After considering all of the pleadings, testimony, arguments, and pertinent legal authorities, the Court is prepared to issue a decision as set forth below.

## *PROCEDURAL HISTORY*

The Petitioner, Ray Loy, was originally indicted on September 12, 2007 in Hancock County Circuit Court, Case No. 07-F-114. In that indictment, he was named in five (5) counts wherein he was charged with the offenses of sexual assault in the second degree, use of a minor to produce obscene matter and to do sexually explicit conduct, and possession of material depicting minors engaged in sexually explicit conduct. The State of West Virginia ("State") moved the Court, over the Petitioner's objection, to dismiss the case without prejudice to allow the State to present a superseding indictment to the April 2008 term of the grand jury in order to charge the Petitioner with additional offenses. The State had obtained additional evidence pursuant to a federal investigation relating to additional victims of crimes that were not part of the initial indictment. The State expressed concern that if it proceeded to trial on the initial indictment that it might be barred from presenting the indictment to the April 2008 term of the grand jury with the

additional offenses. The Court granted the State's motion and accordingly, Hancock County Circuit Court Case No. 07-F-114, was dismissed without prejudice by an order entered on March 26, 2008. The Petitioner was released to the custody of the federal government as he was under a federal detainer relating to an indictment returned against him in the United States District Court.

On November 14, 2007, the Petitioner was named in a federal indictment in the United States District Court for the Northern District of West Virginia, Criminal No. 5:07CR-38, in which he was charged with twenty (20) counts of production of child pornography. These federal charges arose from the same investigation involving Hancock County Circuit Court Case No. 07-F-114. In the federal case, the Petitioner filed a motion to suppress evidence seized by the government through an alleged illegal search of the Petitioner's residence. A hearing was held on the motion to suppress. At that hearing, Magistrate Scott Hicks, Detective Ricky Grishkevich and Detective Rob Alexander testified. The District Court denied the motion to suppress.

The Petitioner was subsequently indicted on April 8, 2008 in Hancock County Circuit Court, Case No. 08-F-71, wherein he was charged in thirteen (13) counts for the offenses of sexual assault in the second degree, use of a minor to produce obscene matter and to do sexually explicit conduct, and possession of material depicting minors engaged in sexually explicit conduct. Hancock County Circuit Court Case No. 08-F-71 was later dismissed with prejudice as a result of the Petitioner's plea to an Information in Hancock County Circuit Court Case No. 08-F-105.

On July 24, 2008, the Petitioner presented a written plea agreement, pursuant to Rule 11(e) (1) (C), W.Va. R. Crim. P., to the Circuit Court of Hancock County for consideration. In essence, the plea agreement stated that the Petitioner would be pleading guilty to ten (10) counts of use of minors in filming sexually explicit conduct as set forth in the Information filed by the State in Hancock County Circuit Court Case No. 08-F-105. The plea agreement contemplated for the Petitioner to serve the maximum possible sentence of eighteen and one-half (18.5) years on his determinate thirty-seven (37) year sentence. In exchange for his plea of guilty to the Information, the State would dismiss Case No. 08-F-71 and not file any proceeding alleging that the Petitioner was a habitual offender. In addition, a

2

material term of this agreement was that the federal prosecutor would dismiss the pending case against the Petitioner in the Northern District of West Virginia, Criminal No. 5:07CR-38. A detailed plea colloquy with the Petitioner was conducted by the Court regarding the terms of the plea agreement and his constitutional and statutory rights. The Court found that the Petitioner understood the same and knowingly and intelligently waived his rights. The plea agreement as well as the Petitioner's plea of guilty to all counts set forth in the Information was then accepted by the Court. Accordingly, a sentencing order was entered by the Court on August 14, 2008 reflecting the same.

On March 19, 2009, the Petitioner filed a Petition under West Virginia Code Section 53-4A-1 for Writ of Habeas Corpus relating to Hancock County Circuit Court Case No. 08-F-105. The Petitioner filed a Motion for Summary Judgment on July 13, 2011. Subsequently, the Petitioner, through counsel, filed an Omnibus Final Petition for Habeas Corpus on August 17, 2011. On August 18, 2011, an evidentiary hearing was held on the Petitioner's Omnibus Final Petition for Habeas Corpus.

## STANDARD OF REVIEW AND PERTINENT LEGAL AUTHORITIES

(1) "In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984):(1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syllabus Point 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

(2) "In reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue." Syllabus Point 6, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

(3) "Where a counsel's performance, attacked as ineffective, arises from occurrences involving strategy, tactics and arguable courses of action, his conduct will be deemed effectively assistive of his client's interests, unless no reasonably qualified defense attorney would have so acted in the defense of an accused." Syllabus Point 21, *State v. Thomas*, 157 W.Va. 640, 203 S.E.2d 445 (1974).

(4) Under the Due Process Clause of the *West Virginia Constitution, Article III, Section 10*, in order for a guilty plea to be knowingly and intelligently entered, the defendant must be informed of the elements of the offense charged against him. Syllabus Point 2, *Thomas v. Leverette*, 161 W.Va. 224, 239 S.E.2d 500 (W.Va. 1977).

3

(5) "The fact that a defendant, in open court, at the time of the entry of a plea, stated it was not coerced or unduly influenced by promises, although evidential on the issue, does not foreclose inquiry as to its voluntariness." Syllabus Point 4, *State ex rel. Clancy v. Coiner*, 154 W.Va. 857, 179 S.E.2d 726 (1971).

(6) "A habeas petitioner may successfully challenge a guilty-plea conviction based upon an alleged violation of Rule 11 of the West Virginia Rules of Criminal Procedure only by establishing that the violation constituted a constitutional or jurisdictional error; or by showing that the error resulted in a complete miscarriage of justice, or in a proceeding inconsistent with the rudimentary demands of fair procedure. Moreover, the petitioner must also demonstrate that he was prejudiced in that he was unaware of the consequences of his plea, and, if properly advised, would not have pleaded guilty." Syllabus Point 10, *State ex rel. Vernatter v. Warden*, 207 W.Va. 11, 528 S.E.2d 207 (1999).

(7) "Absent the special circumstance of a defendant claiming factual innocence while pleading guilty to a criminal charge, the requirement of W. Va. R.Crim. P. 11(f) that a trial court make an inquiry into the factual basis of the defendant's plea is not constitutionally mandated. It therefore follows under our reasoning in syllabus point 10 of *State ex rel. Vernatter v. Warden*, 207 W.Va. 11, 528 S.E.2d 207 (1999), that a simple violation of Rule 11(f), standing alone and without a showing of prejudice, may not serve as a predicate for collateral relief under the West Virginia Post–Conviction Habeas Corpus Act, W. Va.Code §§ 53–4A–1 to –11." Syllabus Point 2, *State ex rel. Farmer v. Trent*, 209 W.Va. 789, 551 S.E.2d 711 (W.Va.2001).

(8) "When a criminal defendant proposes to enter a plea of guilty, the trial judge should interrogate such defendant on the record with regard to his intelligent understanding of the following rights, some of which he will waive by pleading guilty: 1) the right to retain counsel of his choice, and if indigent, the right to court appointed counsel; 2) the right to consult with counsel and have counsel prepare the defense; 3) the right to a public trial by an impartial jury of twelve persons; 4) the right to have the State prove its case beyond a reasonable doubt and the right of the defendant to stand mute during the proceedings; 5) the right to confront and cross-examine his accusers; 6) the right to present witnesses in his own defense and to testify himself in his own defense; 7) the right to appeal the conviction for any errors of law; 8) the right to move to suppress illegally obtained evidence and illegally obtained confessions; and, 9) the right to challenge in the trial court and on appeal all pre-trial proceedings." Syllabus Point 3, *Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975).

(9) As a general rule, an *unconditional* plea of guilty or *nolo contendere*, intelligently and voluntarily made, operates as a waiver of all nonjurisdictional defects and bars the later assertion of constitutional challenges to pretrial proceedings. *Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981); *State v. Sims*, 162 W.Va. 212, 248 S.E.2d 834 (1978); 1 C. Wright, *Federal Practice & Procedure* § 175 (1982). Although a defendant may still challenge the sufficiency of the indictment or other defects bearing directly upon the State's authority to compel the defendant to answer to charges in court, claims of nonjurisdictional defects in the proceedings, such as unlawfully obtained evidence and illegal detention, generally will not survive the plea. An exception to this general rule is a plea conditioned upon the right to appeal certain pretrial rulings. "Where specific rulings are decisive of the case, so that a trial serves merely to preserve those pretrial issues for appeal, the conditional plea obviates the need for a trial thus conserving judicial resources." *State v. Morin*, 71 Haw. 159, 162, 785 P.2d 1316, 1319 (1990). See, *State v. Lilly*, 461 S.E.2d 101, 111-112 (W.Va.1995) (Cleckley, J., concurring).

4

(10) "There are three components of a constitutional due process violation under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and *State v. Hatfield,* 169 W.Va. 191, 286 S.E.2d 402 (1982): (1) the evidence at issue must be favorable to the defendant as exculpatory or impeachment evidence; (2) the evidence must have been suppressed by the State, either wilfully or inadvertently; and (3) the evidence must have been material, *i.e.,* it must have prejudiced the defense at trial." Syllabus Point 2, *State v. Youngblood,* 221 W.Va. 20, 650 S.E.2d 119 (2007).

(11) "Errors involving deprivation of constitutional rights will be regarded as harmless only if there is no reasonable possibility that the violation contributed to the conviction." Syllabus Point 20, *State v. Thomas,* 157 W.Va. 640, 203 S.E.2d 445 (1974).

(12) "To successfully challenge the validity of a search warrant on the basis of false information in the warrant affidavit, the defendant must establish by a preponderance of the evidence that the affiant, either knowingly and intentionally or with reckless disregard for the truth, included a false statement therein. The same analysis applies to omissions of fact. The defendant must show that the facts were intentionally omitted or were omitted in reckless disregard of whether their omission made the affidavit misleading." Syllabus Point.1, *State v. Lilly,* 194 W.Va. 595, 461 S.E.2d 101 (1995).

(13) "Probable cause for the issuance of a search warrant exists if the facts and circumstances provided to a magistrate in a written affidavit are sufficient to warrant the belief of a prudent person of reasonable caution that a crime has been committed and that the specific fruits, instrumentalities, or contraband from that crime presently may be found at a specific location. It is not enough that a magistrate believes a crime has been committed. The magistrate also must have a reasonable belief that the place or person to be searched will yield certain specific classes of items. There must be a nexus between the criminal activity and the place or person searched and thing seized. The probable cause determination does not depend solely upon individual facts; rather, it depends on the cumulative effect of the facts in the totality of circumstances." Syllabus Point 3, *State v. Lilly,* 194 W.Va. 595, 461 S.E.2d 101 (1995).

(14) "A habeas corpus proceeding is not a substitute for a writ of error in that ordinary trial error not involving constitutional violations will not be reviewed." Syllabus Point 4, *State ex rel. McMannis v. Mohn,* 163 W.Va. 129, 254 S.E.2d 805 (1979).

(15) "Before a guilty plea will be set aside based on the fact that the defendant was incompetently advised, it must be shown that (1) counsel did act incompetently; (2) the incompetency must relate to a matter which would have substantially affected the fact-finding process if the case had proceeded to trial; (3) the guilty plea must have been motivated by this error." Syllabus Point 1, *State ex rel. Burton v. Whyte,* 163 W.Va. 276, 256 S.E.2d 424(1979).

(16) "A guilty plea based on competent advice of counsel represents a serious admission of factual guilt, and where an adequate record is made to show it was voluntarily and intelligently entered, it will not be set aside." Syllabus Point 3, *State ex rel. Burton v. Whyte,* 163 W.Va. 276, 256 S.E.2d 424(1979).

(17) "The function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements

5

of the crime proved beyond a reasonable doubt." Syllabus Point 1, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

(18) "A criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syllabus Point 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

(19) "When a criminal defendant undertakes a sufficiency challenge, all the evidence, direct and circumstantial, must be viewed from the prosecutor's coign of vantage, and the viewer must accept all reasonable inferences from it that are consistent with the verdict. This rule requires the trial court judge to resolve all evidentiary conflicts and credibility questions in the prosecution's favor; moreover, as among competing inferences of which two or more are plausible, the judge must choose the inference that best fits the prosecution's theory of guilt." Syllabus Point 2, *State v. LaRock*, 196 W.Va. 294, 470 S.E.2d 613 (1996).

### FINDINGS OF FACT AND DISCUSSION

The Petitioner sets forth several grounds in support of his Omnibus Final Petition for Habeas Corpus. The Court will address each of these grounds herein below.

### (1) That the Petitioner entered into the plea agreement under factual duress and as a result of a perceived coercion.

The Petitioner's first argument is that he entered into the Plea Agreement in the underlying Criminal Case No. 08-F-105 under factual duress and as a result of perceived coercion. The Petitioner asserts that he had at most a few days to at least one day to consider the terms of the plea agreement and during this time he was unable to contact his state counsel, Randy Gossett, Esquire, in order to ask him questions about the plea. The Petitioner further asserts that he was coerced into entering the plea agreement immediately, because his federal counsel, Robert McCoid, Esquire, informed him that he must immediately accept the agreement or the U.S. Government would be taking his federal case to trial within the week and that he could possibly receive a life sentence should he be convicted in federal court. Therefore, he felt that he was under duress. The Petitioner further asserts that when entering into the plea agreement he was not aware that he was waiving any and all rights he may have to challenge the evidence

6

against him, whether obtained illegally or not. Therefore, the Petitioner asserts that there was not a "meeting of the minds" sufficient to form a valid agreement, and as such requests the Court to allow him to withdraw his plea.

While many of the factual allegations are true, they do not reflect the reality of the situation. Originally, he was indicted on almost the exact charges in Case No. 08-F-71 as in Case 08-F-10 and after complete discovery, Case No. 08-F-71 was dismissed without prejudice.

The Petitioner admits at that time his attorney had already told him that the search warrant issued for the search of his house was invalid in his case because no affidavit was attached to it. Subsequently, the State did not have a case against him.

Since his State case was dismissed, the Federal government indicted him for similar crimes based on the evidence obtained by the defective search warrant. A two day hearing was held in front of U.S. Magistrate James Seibert on the Petitioner's motion to suppress the evidence. Magistrate Seibert ruled that the motion be denied and U.S. District Judge Frederick P. Stamp affirmed and adopted said recommendation.

Following losing the motion to suppress and pursuant to a plea agreement, Information 08-F-105 was filed after the Petitioner waived his right to have the charges presented to the Hancock County Grand Jury. This occurred in Ohio County because the Petitioner wanted to enter the plea prior to his trial in Federal Court the following week and there was no date available in Hancock County prior to his trial. At the time, the Information was filed and the plea taken was at the request of the Petitioner.

The Petitioner freely admitted at the omnibus hearing that his attorneys all indicated that the search warrant in the State case was flawed and, if a suppression hearing were held, the evidence would be suppressed in state court. The attorneys were aware that if this court suppressed the evidence then it could not accept the plea as there would be no admissible evidence on the bulk of the charges. Thus, there would be no sufficient factual basis to accept the plea.

The only testimony about coercion is the conceivable effect of facing a Federal trial the next week where all of the evidence seized at his home was admissible and that Mr. McCoid, a very

7

experienced criminal defense lawyer, advised of a much longer sentence if he were convicted; and according to Petitioner's own testimony, looking at a possible life sentence. This is not the type of coercion that must be present to set aside a guilty plea. Therefore, the Court finds that the Petitioner, Ray Loy, was not under duress or coercion when he entered into the plea agreement.

### (2) That the state search warrant was invalid.

The second argument of Petitioner's Omnibus Petition alleges that the May 19, 2007 search warrant issued by Hancock County Magistrate W. Scott Hicks, allowing law enforcement to search the Petitioner's residence, did not comply with Rule 41(c) of the West Virginia Rules of Criminal Procedure. Rule 41(c) reads in pertinent part, "[a] warrant shall issue only on an affidavit or affidavits sworn to before the magistrate or a judge of the circuit court and establishing the grounds for issuing the warrant." Black's Law dictionary defines "affidavit" as "a written or printed declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation." Black's Law Dictionary, 6th ed. West Publishing: St. Paul, MN 1990. The May 19, 2007 search warrant had no affidavit attached. There was a written statement by Heather Long that was attached to the search warrant; however, the statement by Ms. Long was not sworn. Therefore, the Petitioner asserts that the search warrant violated the requirements of Rule 41(c) and consequently, the search warrant was invalid. The original complaint in Magistrate Court and the subsequent Indictments and Information were all based upon information obtained by police as a result of this defective search warrant. Therefore, the Petitioner requests this Court quash all previously filed Indictments and the Information in this matter.

Assuming *arguendo* that the search warrant of the Petitioner's residence failed to comply with Rule 41(c) of the Rules of Criminal Procedure that would have resulted in a suppression of the evidence seized, the Petitioner's requested relief must still fail. The record clearly reflects that during the plea colloquy, the Petitioner waived his right to move to suppress illegally obtained evidence (i.e., evidence obtained from a search of the Petitioner's residence) by entering a plea of guilty. As a general rule, an *unconditional* plea of guilty or *nolo contendere*, intelligently and voluntarily made, operates as a waiver

8

of all nonjurisdictional defects and bars the later assertion of constitutional challenges to pretrial proceedings. *Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981); *State v. Sims*, 162 W.Va. 212, 248 S.E.2d 834 (1978).

The evidence clearly reflects that the Petitioner was aware of his challenges to the search warrant prior to the plea hearing, principally based upon the discussions he had with his counsel. Since this Court previously found that the Petitioner knowingly, voluntarily, and intelligently entered into a plea of guilty wherein he waived his right to challenge illegally obtained evidence, the Petitioner's attempt to now challenge illegally obtained evidence has been relinquished by his waiver. The Court finds that the Petitioner's waiver of his rights and challenges to the evidence was intelligently and voluntarily made at the plea hearing. Therefore, the Petitioner's request to quash all previously filed Indictments and the Information in this matter is denied.

### (3) That the Petitioner received ineffective assistance of counsel.

The gist of the Petitioner's arguments as to this ground is that all of his attorneys failed to litigate the validity of the search warrant. "In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syllabus Point 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). "In reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue."

9

Syllabus Point 6, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). "Where a counsel's performance, attacked as ineffective, arises from occurrences involving strategy, tactics and arguable courses of action, his conduct will be deemed effectively assistive of his client's interests, unless no reasonably qualified defense attorney would have so acted in the defense of an accused." Syllabus Point 21, *State v. Thomas*, 157 W.Va. 640, 203 S.E.2d 445 (1974).

In addressing this issue, the Court gives considerable weight to the testimony of Robert McCoid. Mr. McCoid testified as to the reason why the legitimacy of the search warrant was not challenged. He stated that the Petitioner was facing a severe sentence in Federal District Court (much more than in State Court) if the Petitioner would have been convicted of the pending federal charges arising out of the same underlying facts. Mr. McCoid stated that the issue surrounding the search warrant was extensively litigated in Federal Court and that the odds of that decision being overturned on appeal at the Fourth Circuit Court of Appeals was very minimal at best. In light of this, it was tactically decided that it would be best for the Petitioner to enter into a plea agreement at the State Court level in order to limit the Petitioner's sentence, especially since the federal charges would be dismissed in exchange for his plea of guilty to the state charges. In other words, the purpose of pleading guilty in State Court pursuant to a binding agreement was to attain the objective of preventing a federal conviction that carried a more severe sentence. Furthermore, the Petitioner acknowledged during the plea colloquy that he had an opportunity to ask Mr. McCoid questions about possible defenses to the crimes charged against him and that he had the opportunity to ask Mr. McCoid questions concerning the petition to enter a guilty plea and the plea agreement itself. In addition, the Petitioner acknowledged that Mr. McCoid answered all questions asked concerning these matters.

In addition, the Petitioner complains that his state counsel, Randy Gossett, was unable to be reached to discuss the terms of the plea agreement prior to entering into the same. Mr. McCoid testified the Petitioner told him that he (Petitioner) did not want to talk to Mr. Gossett and to keep Mr. Gossett away from the courthouse. In light of the Petitioner's directive, Mr. McCoid performed the plea negotiations with the prosecutors while keeping Mr. Gossett apprised of the negotiations. Furthermore, as

10

set forth above, the Petitioner acknowledged during the plea colloquy that he had an opportunity to ask Mr. McCoid questions about possible defenses to the crimes charged against him and that he had the opportunity to ask Mr. McCoid questions concerning the petition to enter a guilty plea and the plea agreement itself. Therefore, the Petitioner's contention lacks merit.

The decision not to contest the search warrant was based on a strategic decision which the Court finds was well founded under the circumstances, especially since the Petitioner consented to this planned decision. The Court finds that the conduct of the Petitioner's attorneys was reasonable under the circumstances. The Court further finds that the Petitioner's decision not to challenge the validity of the search warrant was a tactical decision after discussing the same with Attorney McCoid. Therefore, the performance of counsel was not deficient under an objective standard of reasonableness.

### (4) That Magistrate W. Scott Hicks was not a "neutral, detached" Magistrate.

The Petitioner contends that Magistrate Hicks was not a neutral and detached Magistrate as required by the Fourth Amendment to the United States Constitution when he issued the search warrant. A review of the record reflects that the manner in which Magistrate Hicks handled the issuance of the search warrant was not a constitutional violation of the Magistrate's obligation to be neutral. The mere fact that Magistrate Hicks was the former Chief of Police for the City of Weirton does not establish a violation of his obligation of neutrality. Also, the conduct of Magistrate Hicks, by going to the City of Weirton police station to review the complaint for the search warrant, is not an uncommon practice as magistrates in Hancock County to go there for convenience purpose in order to review a complaint for a search warrant. At no time did Magistrate Hicks attempt to improperly induce the police officers in the preparation of the complaint for a search warrant or to improperly involve himself in the drafting of the informant's statement. The actions of Magistrate Hicks, wherein he questioned the items to be seized and directed the officers to attach the statement of Heather Long, are consistent with a Magistrate's onus of being thorough in deciding on the issuance of a search warrant. Therefore, the Petitioner's argument must fail. Regardless, the Petitioner waived his right to challenge this issue during the plea colloquy as a result of

11

this Court finding that he voluntarily and intelligently entered a plea of guilty wherein he also waived the right to challenge illegally obtained evidence.

## (5) and (6) That the search warrant was based upon lies.

The Petitioner argues that the search warrant was based upon lies, in particular by the officers and Heather Long. The Petitioner alleges several instances of untruthful statements and/or acts of omission that were used to obtain the search warrant. The Court disagrees with the Petitioner's assertions. Detective Alexander relayed the facts known to him at that time to Magistrate Hicks in support of a search warrant. He acknowledged the same before Magistrate Hicks after being first duly sworn. He was able to corroborate some of the information (i.e., web site address as well as the location and surroundings of the Petitioner's house) provided by Heather Long. Although it occurred during the execution of the search warrant, Detective Alexander stated that the search justified what Heather Long told him. The Court finds that the voluntary statement of Heather Long (attached to Petitioner's Exhibit 1) has an adequate indicia of reliability based upon the totality of the circumstances. In addition, the Court also finds that the conduct of Detectives Alexander and Grishkevich was practical in the pursuit of a search warrant and there is insufficient evidence to indicate that they intentionally misled Magistrate Hicks in order to obtain the search warrant.

## (7) The State failed to disclose exculpatory evidence.

Petitioner claims that the State failed to disclose exculpatory evidence prior to his plea of guilty in that the State failed to inform him that the search warrant was illegal. This contention lacks merit. The Petitioner was "without a shadow of a doubt" aware of the possibility that the search warrant may not have been lawful prior to his plea of guilty. The Petitioner knew as early as March 21, 2008 when his federal attorney filed in Federal Court a Motion to Suppress Evidence seized from the search warrant. He was also aware of the same at the actual suppression hearing held in Federal Court on April 8, 2008. The State has never conceded that the search warrant was invalid. The State turned over all the discovery surrounding this issue and the Petitioner has not argued to the contrary. Therefore, the State did not intentionally or inadvertently fail to disclose exculpatory evidence to the Petitioner as the Petitioner was

12

fully aware of the possible issues regarding the search warrant prior to his plea of guilty. The handling of this issue by the State was proper. Consequently, there were no constitutional violations committed by the State and hence, the Petitioner was not prejudiced.

The petitioner also argues that the Prosecutor engaged in a pattern of prosecutorial misconduct. In particular, he argues that the prosecutor's presentation of the factual basis at the plea hearing reflects that the information received by law enforcement regarding the search warrant was inconsistent with other evidence on this subject. Regrettably for the Petitioner, he did not object or otherwise offer any statement to the contrary on this issue at the plea hearing. Instead, the Petitioner admitted to the factual basis provided by the prosecutor during the plea colloquy.

The Court finds that the State's overall management of this case was proper. The Petitioner has failed to demonstrate as how the State's handling of his cases rises to the level of prosecutorial misconduct. The facts to support this contention are plainly not present.

## (8) The Court should have inquired as to whether the search warrant was valid.

The Petitioner asserts that this Court should have inquired as to whether the search warrant was valid. During a plea colloquy, a Court's duty is to comply with Rule 11 of the West Virginia Rules of Criminal Procedure. A review of the transcript of the Plea Hearing held on July 24, 2008 indicates that this Court conducted a thorough Rule 11 plea colloquy with the Petitioner. This alleged error does not result in a complete miscarriage of justice. As indicated hereinabove, the record clearly reflects that during the plea colloquy, the Petitioner waived his right to move to suppress illegally obtained evidence (i.e., evidence obtained from a search of the Petitioner's residence) by entering a plea of guilty. As a general rule, an *unconditional* plea of guilty or *nolo contendere,* intelligently and voluntarily made, operates as a waiver of all nonjurisdictional defects and bars the later assertion of constitutional challenges to pretrial proceedings. *Tollett v. Henderson,* 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *Losh v. McKenzie,* 166 W.Va. 762, 277 S.E.2d 606 (1981); *State v. Sims,* 162 W.Va. 212, 248 S.E.2d 834(1978). Here, the Petitioner was fully aware of his challenges to the lawfulness of the search warrant and elected to waive those challenges by entering a plea of guilty. At the time of the plea, the

13

Court finds that the Petitioner was mindful that the validity of the search warrant was upheld in Federal Court. Also, the Court finds that the Petitioner was cognizant that he was forgoing his challenge in State Court (by pleading guilty in state court pursuant to the plea agreement) in order to avoid the likelihood of a harsher sentence in Federal Court if he were to be convicted in Federal Court.

### (9) There was insufficient evidence to convict the Petitioner.

The Petitioner contends that there was insufficient evidence to convict him of the State charges. In viewing the evidence in the light most favorable to the prosecution and giving credit to all inferences and credibility assessments that the jury might have drawn in favor of the prosecution, a review of all the underlying cases in State Court shows there was sufficient evidence to convict the Petitioner, especially if the validity of the search warrant was upheld. The discovery provided by the State reveals statements from various individuals whom would have testified against the Petitioner and would have provided damaging evidence against him. At the plea hearing, the factual basis presented by the prosecutor consisted of the Petitioner surreptitiously videotaping minors. The Petitioner acknowledged the factual basis provided by the prosecutor during the plea colloquy and in doing so, admitted to the same. In addition, the Petitioner signed a document titled "Petition to Enter Plea of Guilty" admitting that he was guilty of Counts 1 (one) through 10 (ten) contained in the Information in the Circuit Court of Hancock County in Case No. 08-F-105 and has made no claims of innocence. Therefore, the Court finds that there was sufficient evidence to convict the Petitioner.

### CONCLUSIONS OF LAW

1. The Petitioner has previously executed the Checklist of Grounds for Post-Conviction Habeas Corpus Relief, the "*Losh*" list, and all grounds "check marked" are deemed WAIVED and are therefore DENIED.

2. The Petitioner knowingly and intelligently entered into a plea of guilty to Counts 1 (one) through 10 (ten) contained in the Information filed against him in the Circuit Court of Hancock County in Case No. 08-F-105, and he has made no claims of innocence.

14

3. The Petitioner has not established a violation of Rule 11 of the West Virginia Rules of Criminal Procedure and was aware of the consequences of his plea; and therefore, he was not prejudiced.

4. The Petitioner was not under duress or coercion when he entered into the plea agreement and pled guilty in State Court.

5. All challenges as to an alleged unlawful search warrant were waived by the Petitioner as a result of this Court finding that he voluntarily and intelligently entered a plea of guilty and by the Petitioner knowingly waiving his right to suppress illegally obtained evidence.

6. There was insufficient evidence presented that the Petitioner received ineffective assistance of counsel.

7. The Court conducted a proper plea hearing and colloquy in accordance with Rule 11 of the West Virginia Rules of Criminal Procedure.

8. The Petitioner has failed to demonstrate how the State's handling of his cases rose to the level of prosecutorial misconduct.

9. There was sufficient evidence to convict the Petitioner.

WHEREFORE, it is **ORDERED, ADJUDGED,** and **DECREED** that Petitioner Ray Loy's Omnibus Final Petition for Habeas Corpus is hereby **DENIED** for the reasons set forth above.

The Clerk of the Circuit Court shall forward attested copies of this Order to counsel of record.

**ENTERED** this ___26th___ day of October, 2011.

_____
MARTIN J. GAUGHAN, JUDGE

A TRUE COPY

Attests

_Brenda L. Jackson_
Clerk, Circuit Court, Hancock County

_____
**Deputy**

15